Brian S. Lennon
Jamie M. Eisen
Betsy L. Feldman
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, New York 10019
Telephone: (212) 728-8000
Facsimile: (212) 728-8111

*Proposed Counsel for the Debtors and
Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
: 
In re: : Chapter 11
: 
Troika Media Group, Inc., et al.,[1] : Case No. 23-_____ (      )
: 
Debtors. : (Joint Administration Requested)
: 
---------------------------------------------------------------x

**DEBTORS' OMNIBUS MOTION FOR ORDER (I) AUTHORIZING
REJECTION OF CERTAIN UNEXPIRED LEASES OF REAL
PROPERTY, EFFECTIVE AS OF THE PETITION DATE;
AND (II) GRANTING RELATED RELIEF**

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

The debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors") hereby move (the "Motion") for entry of an order, substantially in the form attached hereto as Exhibit A (the "Proposed Order"), pursuant to sections 365(a) and 554 of title 11 of the United States Code (the "Bankruptcy Code"): (i) authorizing the Debtors to reject certain

---

[1] The Debtors in these chapter 11 cases and the last four (4) digits of each Debtor's federal taxpayer identification number are as follows: Troika Media Group, Inc. (1552), Troika Mission Worldwide, Inc. (3406), Troika Services, Inc. (6042), Troika Design Group, Inc. (4560), Troika Production Group, LLC (3392), Troika-Mission Holdings, Inc. (8417), MissionCulture LLC (1903), Mission Media USA, Inc. (1312), Troika IO, Inc. (4013), CD Acquisition Corp. (5486), Converge Direct, LLC (0788), Converge Direct Interactive, LLC (8110), and Lacuna Ventures, LLC (2168). The Debtors' executive headquarters are located at 25 West 39th Street, 6th Floor, New York, NY 10018.

unexpired leases of real property (collectively, the "Leases") listed on Schedule 1 attached to the Proposed Order, effective as of the Petition Date; and (ii) granting related relief. In support of the Motion, the Debtors rely upon and incorporate by reference the *Declaration of G. Grant Lyon in Support of Chapter 11 Petitions and First Day Pleadings* (the "First Day Declaration"),[2] which was filed concurrently herewith, and respectfully represent:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the Southern District of New York (this "Court") has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.). This is a core proceedings pursuant to 28 U.S.C. § 157(b), and, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Debtors consent to entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter a final order or judgment in connection herewith consistent with Article III of the United States Constitution. Venue of these cases (the "Chapter 11 Cases") and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are sections 365(a) and 554 of the Bankruptcy Code.

## BACKGROUND

2. On the date hereof (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with this Court. The Debtors are authorized to operate their business and manage their properties as debtors and debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No official

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

committee has been appointed in these chapter 11 cases (the "Chapter 11 Cases"), and no request has been made for the appointment of a trustee or an examiner. Contemporaneously herewith, the Debtors have filed a motion requesting joint administration of their Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b).

3. The events leading up to the Petition Date and the facts and circumstances supporting the relief requested herein are set forth in the First Day Declaration.

## REAL PROPERTY LEASES TO BE REJECTED

A. The Leases

4. In the months leading up to the Petition Date and as part of their restructuring efforts, the Debtors, together with their advisors, conducted an extensive review of their real property leases. As part of this analysis, the Debtors considered, among other things, whether the terms thereof are below market and the go-forward need for commercial office space. While this review remains ongoing, the Debtors have identified two (2) Leases (i) for space that the Debtors no longer occupy, (ii) that do not provide any meaningful value to the estates, and/or (iii) that are burdensome to the Debtors. For each of the leased locations (the "Premises"), the Debtors have sent written notice of surrender to the applicable landlord stating that the landlord may enter and relet the Premises and, where feasible, the Debtors have also sent to the landlord any keys, key codes, and alarm codes with respect to the applicable Premises. The Debtors have already exited these locations. Prior to the Petition Date, the Debtors removed substantially all of their inventory located at the Premises, ceased operations at and vacated the Premises, and abandoned possession of the Premises to the respective landlords.

5. Each of the Leases is an unnecessary burden on the Debtors' estates, as the Debtors accrue costs to rent space that is no longer needed. By rejecting the Leases, the Debtors anticipate that they will save more than $1.8 million total in anticipated rent and associated costs,

thereby preserving significant value for the Debtors' estates. Absent rejection, the Debtors would be obligated to pay rent under the Leases even though they have ceased operations and are no longer in possession of the Premises identified in this Motion. Furthermore, the Debtors have determined that the costs of the Leases outweigh any marginal benefits that could possibly be achieved from assigning or subleasing the Leases. Therefore, the Debtors have determined, in their business judgment, that the Leases are no longer beneficial assets, and the Debtors seek to reject the Leases in order to eliminate further financial burden and postpetition administrative costs to the estates.

6.   Accordingly, in an effort to avoid unnecessary postpetition rent and administrative costs, the Debtors have determined that it is in the best interests of their estates to reject the Leases set forth on Schedule 1, effective as of the Petition Date.

**RELIEF REQUESTED**

7.   By this Motion, the Debtors seek entry of the Proposed Order: (i) authorizing the Debtors to reject the Leases, effective as of the Petition Date, and (ii) granting related relief.

**BASIS FOR RELIEF**

A.   Rejection of the Leases Constitutes a
     Sound Exercise of the Debtors' Reasonable Business Judgment

8.   Section 365(a) of the Bankruptcy Code provides, in pertinent part, that a debtor-in-possession, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). "The purpose behind allowing the assumption or rejection of executory contracts is to permit the trustee or debtor-in-possession to use valuable property of the estate and to 'renounce title to and abandon burdensome property.'" In re Orion Pictures Corp., 4 F.3d 1095, 1098 (2d Cir. 1993); In re Republic Airways, 547 B.R. 578, 582 (Bankr. S.D.N.Y. 2016); In re Grubb & Ellis Co., 2012 WL 1036071 at *4 (Bankr.

4

S.D.N.Y March 27, 2012); see also In re Ames Dept. Stores, Inc., 306 B.R. 43, 51–52 (Bankr. S.D.N.Y. 2004) ("The ability to reject provides the trustee or debtor-in-possession with the means to relieve the estate of the duty to perform on burdensome obligations at the expense of all of the estate's other creditors, and to avoid the incurrence of additional administrative expenses which lack a corresponding benefit to the estate.").

9. In determining whether the rejection of an executory contract or unexpired lease should be authorized, bankruptcy courts apply the "business judgment" standard. See In re Old Carco LLC, 470 B.R. 688, 703 (S.D.N.Y. 2012) (business judgment standard "applies when a Bankruptcy Court approves a debtor's assumption or rejection of a contract"); In re Republic Airways, 547 B.R. at 582; In re Delta Airlines, Inc., 359 B.R. 468, 476 (Bankr. S.D.N.Y. 2006) ("By case law, the standard for deciding a motion to reject an executory contract under Section 365(a) is the business judgment rule[.]"); In re Enron Corp., No. 01 B 16034 (AJG), 2006 WL 898033, at *4 (Bankr. S.D.N.Y. Mar. 24, 2006) ("In determining whether to approve a [debtor's] decision to reject such lease or contract, a court applies the 'business judgment' test which is met if the rejection is beneficial to the estate."); In re Ames, 306 B.R. at 51. The business judgment rule is met when a debtor demonstrates that the following elements are present: "(1) a business decision, (2) disinterestedness, (3) due care, (4) good faith, and (5) according to some courts and commentators, no abuse of discretion or waste of corporate assets." Official Comm. of Subordinated Bondholders v. Integrated Res., Inc. (In re Integrated Res., Inc.), 147 B.R. 650, 656 (S.D.N.Y. 1992), appeal dismissed, 3 F.3d 49 (2d Cir. 1993) (internal quotations omitted).

10. The bankruptcy court generally defers to a debtor's determination as to whether rejection of an executory contract or unexpired lease is advantageous, unless the decision to reject is the product of bad faith, whim, or caprice. See, e.g., Westbury Real Estate Ventures,

5

Inc. v. Bradlees, Inc. (In re Bradlees Stores, Inc.), 194 B.R. 555, 558 n.1 (Bankr. S.D.N.Y. 1996); see also In re MF Global Holdings Ltd., 466 B.R. 239, 242 (Bankr. S.D.N.Y. 2012) (stating that courts defer to a debtor's business judgment in rejecting an executory contract or unexpired lease, and they generally will not second-guess a debtor's business judgment concerning assumption or rejection); In re Balco Equities Ltd., Inc., 323 B.R. 85, 98 (Bankr. S.D.N.Y. 2005).

11.     Rejection of an executory contract or an unexpired lease is appropriate where such rejection is beneficial to the debtors' estates. See, e.g., In re Orion Pictures, 4 F.3d at 1098–99; In re Stable Mews Assocs., Inc., 41 B.R. 594, 596 (Bankr. S.D.N.Y. 1984). Upon finding that a debtor has exercised its sound business judgment, courts routinely approve a request to reject under section 365(a) of the Bankruptcy Code. See NLRB v. Bildisco & Bildisco, 465 U.S. 513, 523 (1984) (recognizing the "business judgment" standard used to approve rejection of executory contracts); In re Penn Traffic Co., 524 F.3d 373, 383 (2d Cir. 2008) (same); see also Delta, 359 B.R. at 476 (business judgment rule "basically means that if [rejection] makes sense for the debtor in the judgment of management, the motion to reject will be granted"); Balco Equities, 323 B.R. at 98 ("A court 'should defer to a debtor's decision that rejection of a contract would be advantageous unless the decision is so unreasonable that it could not be based on sound business judgment, but only on bad faith or whim.'") (quoting In re Sundial Asphalt Co., 147 B.R. 72, 84 (Bankr. E.D.N.Y. 1992)); In re Sabine Oil & Gas Corp., 547 B.R. 66, 71–72 (Bankr. S.D.N.Y. 2016) ("At root, the question for the court on a motion to reject is 'whether a reasonable business person would make a similar decision under similar circumstances.'").

12.     Here, the Debtors have determined that the Leases are no longer necessary for, or beneficial to, their business, and that they create unnecessary and burdensome expenses for the

6

Debtors' estates. In addition, the Debtors have determined that there are no current opportunities to assume and assign or to sublease the Leases and no meaningful value would be realized by the Debtors by any such assignment or sublease. Accordingly, rejection of the Leases as of the Petition Date is in the best interests of the Debtors, is appropriate under the circumstances, and reflects the Debtors' sound business judgment.

B.     Retroactive Rejection Is Appropriate

13.    The Debtors respectfully submit that the rejection of the Leases as of the Petition Date is appropriate.

14.    Section 365 of the Bankruptcy Code does not address whether the Court may order rejection to be applied retroactively to the date of the filing of a motion seeking authority to reject executory contracts and/or unexpired leases. Courts have held, however, that a bankruptcy court may, in its discretion, authorize rejection retroactively to a date prior to entry of an order authorizing such rejection where the balance of equities favors such relief. See, e.g., BP Energy Co. v. Bethlehem Steel Corp., No. 02 Civ. 64191 (NRB), 2002 WL 31548723, at *3 (S.D.N.Y. Nov. 15, 2002) ("[W]e cannot conclude . . . that a bankruptcy court's assignment of a retroactive rejection date falls outside of its authority when the balance of the equities favors this solution."); In re Jamesway Corp., 179 B.R. 33, 38 (S.D.N.Y. 1995) ("[A] court can, where appropriate, approve rejection retroactively."); see also In re Chi-Chi's, Inc., 305 B.R. 396, 399 (Bankr. D. Del. 2004) ("Moreover, the court's power to grant retroactive relief is derived from the bankruptcy court's equitable powers so long as it promotes the purposes of § 365(a)."). In this instance, the equities on balance favor the requested relief being granted in order to avoid forcing the Debtors to incur additional unnecessary administrative expenses related to leases they have determined no longer provide sufficient benefits to their estates. Moreover, no counterparty to a Lease (collectively, the "Counterparties") will be prejudiced by relief being granted

7

retroactively because (i) the Counterparties will receive notice of this Motion and (ii) prior to the filing of this Motion, all Premises have been vacated by the Debtors and the keys returned, allowing the Counterparties to relet the Premises immediately.

15. Courts in this district have authorized the retroactive rejection of unexpired leases. See, e.g., In re SVB Financial Group, No. 23-10367 (MG) (Bankr. S.D.N.Y. Aug. 16, 2023); In re Endo International plc, No. 22-22549 (JLG) (Bankr. S.D.N.Y. Aug. 8, 2023); In re Vice Group Holding Inc., No. 23-10738 (JPM) (Bankr. S.D.N.Y. Jul. 18, 2023); In re GBG USA, Inc., No. 21-11369 (MEW) (Bankr. S.D.N.Y. Sept. 22, 2021); In re KB US Holdings, Inc., No. 20-22962 (SHL) (Bankr. S.D.N.Y. Feb. 22, 2021); In re Centric Brands, Inc., No. 20-22637 (SHL) (Bankr. S.D.N.Y. Oct. 7, 2020).

C. It Is Appropriate to Authorize the Debtors to Abandon Any Personal Property Remaining on the Premises

16. The Debtors submit that they have satisfied the standard under section 554(a) of the Bankruptcy Code to abandon any personal property remaining on the Premises and that such abandonment should be approved by this Court. Section 554(a) provides that a debtor in possession may abandon, subject to court approval, "property of the estate that . . . is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a). In order to authorize the abandonment of property, a bankruptcy court must find either: (a) that the property is burdensome to the estate or (b) that the property is both of inconsequential value and inconsequential benefit to the estate. See, e.g., Midlantic Nat'l Bank v. N.J. Dep't of Envtl. Prot., 474 U.S. 494, 497 (1986), reh'g denied, 475 U.S. 1091 (1986). It is the Debtors' belief that they have already properly vacated the Premises and that minimal estate property remains on such Premises. With respect to any personal property remaining at the Premises, the Debtors submit that such property (i) has no value or benefit to the Debtors' estates and/or (ii) would be

8

more costly to remove and store than any net proceeds the estates could realize from a sale of such property. The Debtors have determined in their business judgment that abandoning such personal property would be in the best interests of the Debtors, their estates, and their creditors.

17. Courts in this district have previously granted relief with respect to abandonment of property similar to that requested by the Debtors herein. See, e.g., In re SVB Financial Group, No. 23-10367 (MG) (Bankr. S.D.N.Y. June 29, 2023); In re Endo International plc, No. 22-22549 (JLG) (Bankr. S.D.N.Y. Aug. 8, 2023); In re Vice Group Holding Inc., No. 23-10738 (JPM) (Bankr. S.D.N.Y. Jul. 21, 2023); In re GBG USA, Inc., No. 21-11369 (MEW) (Bankr. S.D.N.Y. Sept. 22, 2021); In re KB US Holdings, Inc., No. 20-22962 (SHL) (Bankr. S.D.N.Y. Jan. 29, 2021); In re Centric Brands, Inc., No. 20-22637 (SHL) (Bankr. S.D.N.Y. June 11, 2020).

## RESERVATION OF RIGHTS

18. The Debtors may have claims against the Counterparties arising under, or independently, of the Leases that are the subject of this Motion. The Debtors do not waive such claims by the filing of this Motion or by the rejection of the Leases that are the subject of this Motion. Nothing contained herein is intended to be or should be construed as an admission of the validity of any claim against the Debtors or a waiver of the Debtors' rights to dispute any claim, and nothing shall prejudice any party's rights to assert that the Leases that are the subject of this Motion are not, in fact, executory within the meaning of section 365 of the Bankruptcy Code.

## NOTICE

19. Notice of this Motion will be provided to: (i) the United States Trustee for Region 2; (ii) the Debtors' thirty (30) largest unsecured creditors on a consolidated basis; (iii) counsel to the lenders and the agents under the Debtors' prepetition secured credit facility;

9

(iv) counsel to the lenders and the agents under the Debtors' proposed debtor-in-possession financing facility; (v) the United States Attorney's Office for the Southern District of New York; (vi) the Internal Revenue Service; (vii) the Securities and Exchange Commission; and (viii) the Counterparties (and their counsel, to the extent known) to the Leases set forth on Schedule 1 annexed to the Proposed Order. The Debtors submit that, under the circumstances, no other or further notice is required.

20. No previous motion for the relief requested herein has been made to this Court or to any other court.

*[Remainder of page left blank]*

**CONCLUSION**

WHEREFORE, the Debtors respectfully request the Court enter the Proposed Order authorizing the rejection of the Leases, effective as of the Petition Date, and grant such other and further relief as the Court may deem just and proper.

Dated:  December 7, 2023  
        New York, New York

WILLKIE FARR & GALLAGHER LLP

By:  */s/ Brian S. Lennon*  
Brian S. Lennon  
Jamie M. Eisen  
Betsy L. Feldman  
787 Seventh Avenue  
New York, New York 10019  
Telephone:  (212) 728-8000  
Facsimile:  (212) 728-8111  
blennon@willkie.com  
jeisen@willkie.com  
bfeldman@willkie.com

*Proposed Counsel for the Debtors and Debtors-in-Possession*

## **EXHIBIT A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
: 
In re:                                          :  Chapter 11
                                                :
Troika Media Group, Inc., et al.,[1]            :  Case No. 23-_____ (     )
                                                :
                           Debtors.             :  (Jointly Administered)
                                                :
                                                :  **Docket No. ___**
------------------------------------------------------------x

**ORDER (I) AUTHORIZING REJECTION OF CERTAIN UNEXPIRED LEASES
OF REAL PROPERTY, EFFECTIVE AS OF THE PETITION DATE;
AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors") for entry of an order (the "Order"): (i) authorizing the Debtors to reject the Leases set forth on Schedule 1 hereto, effective as of the Petition Date; and (ii) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and that no other notice need be provided; and this Court having reviewed the Motion and the First Day Declaration and having heard the statements in support of the relief

---

[1] The Debtors in these chapter 11 cases and the last four (4) digits of each Debtor's federal taxpayer identification number are as follows: Troika Media Group, Inc. (1552), Troika Mission Worldwide, Inc. (3406), Troika Services, Inc. (6042), Troika Design Group, Inc. (4560), Troika Production Group, LLC (3392), Troika-Mission Holdings, Inc. (8417), MissionCulture LLC (1903), Mission Media USA, Inc. (1312), Troika IO, Inc. (4013), CD Acquisition Corp. (5486), Converge Direct, LLC (0788), Converge Direct Interactive, LLC (8110), and Lacuna Ventures, LLC (2168). The Debtors' executive headquarters are located at 25 West 39th Street, 6th Floor, New York, NY 10018.

[2] All capitalized terms used but not defined herein have the meaning given to them in the Motion.

requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and this Court having determined that the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED to the extent set forth herein.

2. The Debtors are authorized to reject the Leases listed on Schedule 1 attached hereto pursuant to section 365(a) of the Bankruptcy Code, effective as of the Petition Date.

3. The Debtors are not required to comply with any termination procedures set forth in the Leases, or any other documents related thereto.

4. Pursuant to section 554(a) of the Bankruptcy Code, any personal property of the Debtors remaining at the Premises as of the Petition Date shall be deemed abandoned as of such date, free and clear of any interests of any party. Any landlord with respect to the applicable Premises shall be free, notwithstanding the automatic stay, to dispose of the abandoned personal property without notice or liability to any party and without further notice or order of the Court, and the applicable landlord's rights, if any, to file a claim for the costs of disposal of such property are fully reserved, as are the rights of any party-in-interest to object to such claims. The respective landlords shall not be liable to the Debtors or to any third parties for the disposition of any and all such personal property remaining on the Premises after the Petition Date.

5. As of the Petition Date, with respect to the Leases, the Debtors are relieved from any and all payments or performance due under such Leases and incurred after the Petition Date;

provided, however, that nothing herein shall constitute a determination with respect to claims, if any, arising from or related to the rejection of such Leases that are filed in accordance with this Order.

6. Nothing contained in the Motion or this Order or any payment made pursuant to the authority granted by this Order is intended to be or shall be construed as (i) a waiver or admission as to the validity of any claims that arise by virtue of this Order and/or any and all other claims arising under or related to the Leases; (ii) an agreement or obligation to pay any claims; or (iii) an approval, assumption, adoption, or rejection pursuant to section 365 of the Bankruptcy Code of any agreement, contract, lease, program, or policy between the Debtors and any third party.

7. If any affected Counterparty subject to this Order (a "Rejection Claimant") asserts a claim or claims against the Debtors arising from the rejection of a Lease, such Rejection Claimant shall submit a proof of that claim on or before the later of (i) the date that is thirty (30) days after entry of this Order and (ii) the bar date established by this Court for filing proofs of claim against the Debtors. A Rejection Claimant will be forever barred from asserting claims for rejection damages if such Rejection Claimant fails to timely a file a proof of claim with respect thereto.

8. The Debtors are authorized to take all action necessary to effectuate the relief granted in this Order.

9. This Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order and the implementation, interpretation, and/or enforcement hereof.

Dated: _____, 2023
      New York, New York

 

_____
UNITED STATES BANKRUPTCY JUDGE

# **SCHEDULE 1**

**Schedule of Leases to be Rejected**

## SCHEDULE 1

### Schedule of Leases to be Rejected[1]

| Counterparties-Landlords | Debtor | Property Address |
|---|---|---|
| 45 Main Associates, LLC c/o Two Trees Management Co, LLC | Mission Media USA, Inc. | 45 Main Street, Suite 200 Brooklyn, NY 11201 |
| Colony Bancorp of Malibu | Troika Production Group, LLC | 1715 N Gower Street Hollywood, CA 90028 |

---

[1] This schedule is intended to be inclusive of any amendments, supplements, and/or modifications entered into from time to time in respect of any of the Leases listed on this Schedule 1.